OPINION
PER CURIAM.
David Serrano, a prisoner incarcerated at SCI-Camp Hill in Camp Hill, Pennsylvania, appeals from an order of the United States District Court for the Western District of Pennsylvania, granting certain defendants’ motions to dismiss and the remaining defendants’ motions for summary judgment on Serrano’s Eighth Amendment claim.
Serrano was initially incarcerated at SCI-Greene. According to the complaint, Serrano suffers from a torn lateral meniscus due to a car accident that occurred prior to his incarceration. This condition causes knee pain. Serrano alleges that his left knee buckles frequently, limits his ability to ambulate and often appears swollen and bruised. He alleges that the examining physician at SCI-Greene, Dr. Stan Fa-lor, determined that he should receive knee surgery, but then never followed through with his recommendation. As a result, no knee surgery was ever scheduled. Serrano filed a grievance, No. 92689, in which he complained that prison officials had improperly withheld necessary medical care.[1] Defendants contend that, to their knowledge, no medical personnel has ever recommended surgery for Serrano. Instead, prison medical staff decided to treat Serrano’s knee condition with physical therapy and a knee brace with metal rods.
Serrano was eventually transferred to SCI-Fayette and placed in the Long-Term Segregation Unit (“LTSU”). Prison officials removed the metal rods from Serrano’s knee brace for security reasons and instead provided him with a plastic brace, which Serrano refused to accept. Prison officials assured Serrano that a metal brace would be available for his use during yard activities, but explained that he would be required to use the plastic brace while in his cell. Serrano filed several grievances regarding his medical care, including two addressing the perceived inadequacy of his knee brace, Nos. 108139 and 109268.
On August 25, 2005, Serrano filed a complaint against Jeffrey A. Beard, Secretary of the Department of Corrections; Louis Folino, Superintendent; Thomas Jackson, Deputy Superintendent at SCI-Greene; Sharon Burks, Chief Grievance Officer; Dr. Paul Noel; Dr. Stan Falor; Diana Manson, a Corrections Health Care Administrators (CHCA) at SCI-Greene; and two unknown correctional officers. Serrano later added Harry E. Wilson, Superintendent at SCI-Fayette; Linda Harris, Deputy Superintendent at SCI-Fayette; Diana Manson and Robert Tretinik, a CHCA at SCI-Fayette. Serrano asserted that he was denied knee surgery for non-medical reasons, namely, cost and security.
Serrano alleged that Beard, Folino, Jackson and Burks had actual knowledge of his medical condition and failed to pre *256 vent the violation of his constitutional rights. Serrano asserted similar allegations against Wilson and Harris in his supplemental complaint. Serrano alleged that Dr. Falor lied to him by telling him that he would recommend surgery and then neglecting to make such a recommendation. Serrano alleged that unnamed individuals removed from his medical file any documentation regarding Dr. Falor’s initial recommendation. He asserted that Dr. Noel similarly denied him proper medical care and then falsely claimed that no one had ever recommended surgery for Serrano. Serrano also asserted that Manson and Tretinik, CHCAs at SCI-Fayette, violated his civil rights by failing to respond to his requests for medical care.
All defendants, except for Wilson, Harris and Tretinik, who were added subsequently, moved to dismiss the complaint. Serrano opposed dismissal as to Folino, Beard and Burks on the basis that he had informed each of them about his medical problems, such that they had actual knowledge of the prison medical staffs failure to provide him with adequate medical care. Specifically, Serrano alleged that his then-attorney wrote to Beard expressly to solicit his attention regarding Serrano’s medical condition. (See Compl., Ex. V.) Instead of alleging unconstitutional mistreatment by prison medical officials, the letter sought information so that the attorney could determine if Serrano had an Eighth Amendment claim. (Id) The Magistrate Judge thus determined that Serrano’s claims against the non-medical defendants are barred. The District Court adopted this recommendation and dismissed the complaint against Burks, Folino and Beard without discussing leave to amend.
At the close of discovery, the remaining defendants moved for summary judgment. Wilson, Harris, Manson and Tretinik sought summary judgment on the basis of their status as non-medical officials who lacked the authority to order or recommend surgery for Serrano. These defendants maintained that Serrano had not exhausted his grievances regarding the inadequacy of his knee brace, and therefore, they offered no arguments as to the merits of that claim.
In opposition to summary judgment, Serrano submitted his medical records, copies of his grievances and declarations from himself and a fellow inmate. In his declaration, he stated that Dr. Falor told him he was going to recommend surgery because it was “needed” to treat “continues [sic] instability and muscle atrophy of the knee.” (Pl.’s Opp’n Mot. Summ. J., Ex. 11, ¶ 7.) He also contended that Dr. Noel gave him an inadequate brace that offered no support for his knee, and that the remaining defendants were aware of his problems, but did nothing to help him. (Id. at ¶ 20.)
The Magistrate Judge recommended granting summary judgment in favor of all defendants, not on the basis of exhaustion, but on the merits of Serrano’s claims. The Magistrate Judge determined that Serrano had not demonstrated any factual dispute as to whether any prison medical official believed that Serrano needed knee surgery. She also determined that Serrano had refused to accept the knee brace offered to him, and he could not show that, in offering this knee brace, defendants were deliberately indifferent to his serious medical needs. The District Court adopted this recommendation, awarded summary judgment to the remaining defendants and closed the case. Serrano timely appealed.[2]
*257 On appeal, Serrano primarily argues that the District Court erred in dismissing his complaint against non-medical defendants without granting him leave to amend and in granting summary judgment to the remaining defendants. Serrano asserts that he suffers from a painful knee condition that limits his ability to ambulate. He asserts that defendants deprived him of necessary knee surgery and an appropriate knee brace for non-medical reasons, i.e., to save money and to abide by the security constraints of the LTSU.
Summary judgment was proper on Serrano’s claims against the medical defendants. To state a claim under the Eighth Amendment, a prisoner must allege that the defendants were deliberately indifferent to the plaintiffs serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Here, Serrano’s submissions in opposition to summary judgment do not raise a genuine factual dispute as to the medical defendants’ intent. The record indicates that Serrano received frequent medical attention, including an MRI, a recommendation that he receive physical therapy, and an assessment by a team of physicians, including an orthopedic specialist. (Deft’s Mot. Summ. J., Ex. 15.) Serrano’s claim that knee surgery was improperly withheld rests entirely on his allegation that Dr. Falor promised to recommend knee surgery and did not do so. The evidence suggests that Dr. Falor evaluated Serrano, requested his signature so that he could obtain past medical records, and ultimately fit Serrano with a brace.[3] Serrano has not identified record evidence indicating that anyone recommended surgery to him or denied him necessary treatment.
Similarly, Serrano’s claim regarding the inadequacy of his knee brace fails because he has not come forward with evidence to indicate that defendants offered this brace with disregard for any substantial harm that might befall him. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir.1987). Serrano asserts that the plastic rods rendered the brace unsupportive and inadequate. However, prison officials provided a metal brace for him during yard activities; the LTSU’s security regulations precluded them from providing a metal brace for use in his cell. (Deft’s Mot. Summ. J., Ex. 16.) The record suggests that, whenever possible, and consistent with security regulations, prison officials provided an adequate brace to Serrano.[4] As a result, Serrano has established only that he disagrees with the prison’s choice of knee brace for him, not that any officials deliberately disregarded a serious medical need.
Because summary judgment was proper as to Serrano’s claims against the medical defendants, his claims against the non-medical defendants also fail. As we have *258 previously held, “absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.” Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004) (emphasis added). While Spruill does not absolutely bar a claim against a non-medical prison official, it allows such a claim only if the non-medical official has actual knowledge of unconstitutional treatment and fails to remedy the violation. Absent viable claims that the medical defendants violated his constitutional rights, Serrano cannot state a claim against the non-medical defendants for failing to cure the medical defendants’ conduct. Accordingly, these claims were properly dismissed without leave to amend by the District Court.
For the foregoing reasons, we will affirm the order of the District Court.

. The parties do not dispute that Serrano exhausted this grievance as to the SCI-Greene defendants.

. We have jurisdiction under 28 U.S.C. § 1291. We review a District Court’s summary judgment de novo, applying the same standard as the District Court should have *257 applied to determine whether summary judgment was appropriate. State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir.2009). Our review of a District Court’s order dismissing claims under Fed.R.Civ.P. 12(b)(6) is plenary. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir.2008).

. The record suggests that Dr. Falor pressed Serrano to provide him with information necessary to determine if surgery was indicated. (See Deft's Mot. Summ. J., Ex. 15, Entry dated 11/22/04 by Dr. Stan Falor) (indicating, “request again: 1 — Release of Information form 2 — Hospital City and State 3 — Insurance company 4 — Claim number”). However, the record does not indicate whether Serrano ever provided this information to Dr. Falor.

. Serrano raises a number of other arguments, namely, that the District Court erred in denying him counsel, not ordering a medical evaluation by an outside physician, denying his motion to alter or amend the judgment and overlooking parts of his complaint purportedly alleging excessive force. We have reviewed these claims and determine that they are unpersuasive.